**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0099-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ISAAC D. JERDAN, a/k/a
ISAAC JORDAN, and ISAAC
JERDAS,

     Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided November 9, 2018

Before Judges Suter and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-09-2758.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele Adubato, Designated Counsel; William P. Welaj, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Patrick D. Isbill, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Isaac Jerdan appeals from a July 25, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

At the conclusion of a three-day trial, a jury convicted defendant of first-degree carjacking, N.J.S.A. 2C:15-2(a)(1); first-degree armed robbery, N.J.S.A. 2C:15-1(a); fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d); third-degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d); second-degree eluding, N.J.S.A. 2C:29-3(b); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and the disorderly persons offense of resisting arrest, N.J.S.A. 2C:29-2(a)(1). After appropriate mergers, the trial judge sentenced defendant to a twenty-year prison term, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the carjacking conviction, and lesser concurrent terms on the convictions for unlawful possession of a knife, eluding, and resisting arrest.

Defendant appealed his conviction and sentence, raising the following arguments:

> I. DEFENDANT WAS DENIED A FAIR TRIAL BY THE PROSECUTOR'S OPENING STATEMENT

A-0099-17T4

URGING THE JURY TO "COME TO THE CONCLUSION, JUST LIKE THE STATE DID, THAT THIS WAS THE DEFENDANT WHO IN FACT COMMITTED THESE CRIMES" (Not Raised Below).

II. THE SENTENCE IMPOSED ON THE CARJACKING CONVICTION CONTRAVENED THE PRINCIPLES OF STATE V. ZADOYAN[1] . . . AND SHOULD BE REDUCED.

III. DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED BASED UPON PROSECUTORIAL MISCONDUCT, COMMENTS THAT WERE MADE THROUGHOUT THE TRIAL AND ON THE ERRONEOUS ADMISSION OF HIGHLY PREJUDICIAL EVIDENCE. U.S. Const. Amend. XIV (Partially Raised Below).

IV. THE WHOLESALE ADMISSION OF NON-TESTIMONIAL HEARSAY EVIDENCE DENIED DEFENDANT OF THE RIGHT TO CONFRONT ACCUSERS AND THE DUE PROCESS RIGHT TO A FAIR TRIAL. U.S. Const. Amend VI & XIV (Raised Below).

V. DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED BASED UPON THE CUMULATION OF THE PREJUDICIAL ERRORS COMPLAINED OF. U.S. CONST. AMEND. XIV (Not Raised Below).

The panel affirmed defendant's conviction and sentence, finding insufficient

---

[1] State v. Zadoyan, 290 N.J. Super. 280 (App. Div. 1996).

3

merit in defendant's arguments to warrant discussion in a written opinion.  State v.

Jerdan, Docket No. A-1706-14 (App. Div. May 10, 2016) (slip op. at 3).   The

Supreme Court denied certification.  State v. Jerdan, 227 N.J. 365 (2016).

Defendant did not testify or call any witnesses during the trial.  The evidence

adduced by the State at trial demonstrated defendant approached:

> the owner of a month-old white Toyota Corolla, as she parked in front of her place of employment in Magnolia; demanded her keys while pointing and pressing a knife against her; and drove away with her Toyota.   So overwhelming was the evidence that defense counsel conceded the theft — stating, "the only thing [defendant] did was steal the car" — and focused his attack on the State's evidence that defendant engaged in carjacking or armed robbery.
>
> Other evidence demonstrated the Toyota owner called [911], and the dispatcher advised Haddon Heights Patrolman Thomas Schneider, who soon observed the Toyota and began to follow.  When the Toyota reached speeds of nearly 100 m.p.h., however, Officer Schneider slowed down and followed at a distance.  The Toyota soon became disabled when it struck other vehicles and, when Schneider arrived, the Toyota was flanked by another police vehicle. Schneider testified he saw a man — later identified as defendant — run away from a police officer and enter another vehicle.   Schneider approached that other vehicle, opened its front passenger door, and eventually, with the help of other officers, extricated defendant and placed him under arrest. Video obtained from a camera mounted in Schneider's police vehicle was played for the jury and confirmed Schneider's

A-0099-17T4

testimony.  Other police officers testified to those parts of this incident that they personally witnessed.

[Jerdan (slip op. at 3-4).]

The panel rejected defendant's argument that the intermediate-range twenty-year NERA term imposed on the carjacking conviction was excessive or inconsistent with the holding in Zadoyan "considering that defendant jerked the car key out of the victim's hand and held 'a knife up against [her].'"  Jerdan (slip op. at 5) (alteration in original).

Defendant filed a timely pro se petition for PCR and was appointed PCR counsel.  Defendant raised the following arguments in his petition and pro se brief:

POINT I

THE DEFENDANT'S TRIAL WAS RENDERED FUNDAMENTALLY UNFAIR BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF U.S. CONST. AMENDS. I, VI, AND XIV AND N.J. CONST. (1947) ART. I, PARAS. 1, 5, 6, 8, 9, 10, AND 18.

POINT II

THE DEFENDANT'S APPEAL RIGHTS WERE INFRINGED UPON BY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, IN VIOLATION OF U.S. CONST. AMENDS. I, VI, AND XIV AND N.J. CONST. (1947) ART. I, PARAS. 1, 5, 10, AND 18.

POINT III

THE DEFENDANT WAS SENTENCED TO A MANIFESTLY EXCESSIVE TERM OF 20 YEARS WITH AN 85% PAROLE BAR UNDER NERA. THE SENTENCE SHOULD BE REDUCED.

The PCR judge also considered the following contentions raised by defendant in his pro se brief: (1) counsel was ineffective during plea negotiations, and defendant was misguided by his attorney regarding the plea negotiations; (2) counsel did not attempt to have any of the charges other than count eight dismissed; (3) counsel did not provide or share a copy of the complete discovery with defendant; (4) counsel failed to address the probability of defendant's rehabilitation at the sentencing hearing; (5) counsel was ineffective at jury selection, defendant's headphones did not work during jury selection, counsel failed to pay attention during jury selection, and petitioner did not know he could dismiss any jury panel member he did not feel could be fair and impartial; (6) counsel failed to appreciate the impact of the prejudicial evidence in this case and the presumption of prejudice the 911 tape and the videotape of the chase possessed; (7) counsel failed to interview or even attempt to interview the prosecution's witnesses; (8) counsel failed to subject the prosecution's case to meaningful adversarial testing and failed to adequately cross-examine the prosecution's witnesses; (9) counsel failed to confront the

6

hearsay statements of Mr. Adair; (10) counsel failed to make proper and timely objections; (11) counsel had personal problems during the trial that took his focus from the proceedings; (12) counsel failed to investigate and obtain defendant's medical records and failed to investigate the officers' use of excessive force against defendant; (13) counsel failed to raise defendant's drug addiction as a defense strategy; (14) counsel did not file any pre-indictment motions and did not mention the hypodermic needle and painkillers found in defendant's backpack; (15) counsel failed to present the testimony of defendant's character witnesses; (16) counsel failed to file a motion to examine the personnel file of Officer Thomas Schneider; (17) counsel failed to review defendant's appeal rights with defendant or share the presentence report with defendant; (18) counsel failed to object to improper jury instructions; (19) counsel failed to file a motion for a new trial.

Defendant also argued his appellate counsel was ineffective by: (1) failing to raise a Confrontation Clause claim on the hearsay testimony used at trial; (2) failing to challenge the prosecutor's misconduct and use of inadmissible hearsay; (3) failing to raise the issue of the insufficiency of the evidence; (4) failing to raise the issue of defendant's excessive sentence; (5) failing to submit a petition for certification to the Supreme Court.

A-0099-17T4

In his certification in support of PCR, defendant stated he was interviewed by his trial counsel twice before the trial, with the first interview occurring at the beginning of the case and the second taking place three months after he was indicted. In addition to the interviews, defendant spoke briefly with counsel during the numerous pretrial status conferences. Defendant claims his request to review discovery with trial counsel went unanswered. Trial counsel did not provide defendant with a copy or transcription of the 911 tape, or a copy of the dashboard camera video of the car chase. Defendant stated he saw the video for the first time during the trial. He claims that if he had known there was a video, he would have accepted the State's plea offer, the terms of which are not stated.

PCR counsel added the following argument:

> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE THE PETITIONER OF THE STRENGTHS AND WEAKNESSES OF THE STATE'S CASE AS WELL AS REVIEW DISCOVERABLE MATERIALS WITH THE PETITIONER.

During oral argument, PCR counsel stated there was a plea offer of a ten-year NERA term. Defendant contended he would have accepted that plea offer had he known the proofs against him.

The trial transcript indicates plea negotiations continued even after the trial commenced. At one point, there was discussion of a plea to first-degree

carjacking in exchange for a sentencing cap of twenty-two-and-one-half years. Subsequently, trial counsel advised the judge there may be a plea to an offer of a sentence capped at seventeen years. On the second day of trial, a discussion on the record ensued regarding a plea offer to plead guilty to first-degree carjacking in exchange for a recommendation of an eighteen-year sentence, subject to an eighty-five percent period of parole ineligibility, with the other counts being dismissed. When a disagreement arose over whether the plea involved a cap of eighteen-years, plea negotiations ended and the trial resumed.

At sentencing, trial counsel argued for a ten-year term on the first-degree carjacking, with all other terms running concurrently. Trial counsel emphasized defendant had no prior indictable convictions, and had problems with drugs and alcohol from an early age. Trial counsel acknowledged the medical records from the date of the incident indicated defendant did not have drugs in his system. Defendant was aware of this by the second day of trial when plea negotiations were still underway.

The PCR was heard by Judge Steven J. Polansky. Following oral argument, the judge took the matter under advisement, and subsequently rendered a twenty-eight-page written opinion denying defendant's petition without an evidentiary hearing.

A-0099-17T4

The judge rejected defendant's claim that trial counsel was ineffective by failing to advise him of the strengths and weaknesses of the State's case and by failing to review discovery with him. The judge found these claims to be mere bald assertions. The judge also concluded neither defendant's certification nor the trial record support his claim of a potentially acceptable plea offer. The record does not reflect any plea offer made by the State for a ten-year NERA term.

The judge noted the record contradicts defendant's claim he heard the 911 tape for the first time during the trial. The trial court conducted a Driver[1] hearing before the trial commenced, during which the 911 tape was played. Defendant was present during that hearing and heard the tape before it was played to the jury.

With respect to the dash camera video, the judge noted defendant was present during discussions, before the jury was sworn, in which the State indicated its intention to play the video. Additionally, the 911 call merely provided a description of the victim's vehicle, her location, and clarified the spelling of her name. The dash cam video only depicted the eluding, not the carjacking. It did not provide direct proof of the carjacking. The judge further

---

[1] State v. Driver, 38 N.J. 255 (1962).

noted the evidence went to establishing a theft, which as part of the defense trial strategy, was conceded.

The judge rejected defendant's claim trial counsel was ineffective by failing to move to dismiss charges other than count eight, noting the counts for unlawful possession of a weapon and resisting arrest are not mutually exclusive and require different proofs.

The judge also rejected defendant's claim trial counsel was ineffective by failing to argue drug dependency as a mitigating factor, noting drug dependency is not a mitigating factor that would tend to justify or excuse defendant's conduct. Additionally, defendant did not provide a certification regarding his need for substance abuse treatment or the likelihood of success if treated. Therefore, his unsupported claim of a likelihood for rehabilitation would not have changed the outcome.

As to defendant's claim trial counsel was ineffective during jury selection, the judge found defendant failed to specify any aspect of counsel's performance that was deficient. The judge further noted nothing in the record reflects any problems with the headphones used by defendant during jury selection.

With regard to the admissibility of the 911 tape and dash camera video, the judge noted trial counsel made appropriate objections to admission of the

A-0099-17T4

911 tape and to certain portions of the video. The judge also noted the limited probative value of that evidence with regard to the carjacking charge.

As to trial counsel's failure to interview the State's witnesses, the judge explained that with the exception of the victim, all of the State's witnesses were law enforcement officers. Defendant did not identify what, if any, useful information would have been discovered by interviewing the witnesses.

The judge also rejected defendant's claim that trial counsel failed to adequately cross-examine the State's witnesses, finding that trial counsel properly cross-examined each witness and defendant had not shown that further questioning regarding inconsistencies of the police officers would have changed the outcome. The judge noted the State presented "a strong case" against defendant. The trial judge described the evidence against defendant as "overwhelming."

The judge also rejected defendant's unsupported claim that trial counsel's focus was diminished because he was experiencing personal problems during the trial. No deficiencies in trial counsel's performance relating to the alleged personal problems were specified.

As to trial counsel's failure to obtain defendant's medical records until after the jury was sworn, the judge found defendant failed "to identify what these

A-0099-17T4

records reveal or what effect, if any, they would have had on the trial." Defendant did not provide a copy of the records to the PCR court or provide information or reports relating to a viable intoxication defense.

Defendant complains that trial counsel failed to raise defendant's drug addiction as a defense strategy. The judge found this to be "sound trial strategy," stating:

> unless [defendant] established a claim of intoxication, [defendant's] drug addiction would not have been relevant at trial. Any admission by defense counsel that [defendant] was addicted to drugs or possessed drugs or paraphernalia on the date of these crimes could have negatively impacted [defendant's] chances for acquittal at trial. Had counsel asserted [defendant's] drug dependency, it could have assisted the State in establishing a motive for these offenses, increasing [defendant's] likelihood of conviction.

Defendant also complains that trial counsel failed to present the testimony of any character witnesses. The judge noted defendant did not present any certifications from these witnesses, and concluded defendant failed to demonstrate any potential prejudice since he "has not identified what their testimony would have been had they been called at trial."

The judge found no merit in defendant's claim trial counsel was ineffective by failing to move to examine the personnel file of Officer Schneider, concluding defendant "failed to provide any reason to request the officer's

13

personnel file beyond a fishing expedition." Defendant did not submit a certification "indicating why the file would have been discoverable or relevant. The petition alleges no facts that would support such a discovery request."

As to defendant's conclusory assertion that trial counsel failed to object to improper jury instructions, the judge noted defendant did not "identify which instructions were improper or what effect they had on the trial." As to trial counsel's failure to move for a new trial, the judge found defendant had not identified any basis for filing a motion for a new trial or demonstrated such a motion would have been successful.

The judge also rejected defendant's claim that appellate counsel was ineffective, noting appellate counsel had raised several of the issues defendant claims he failed to raise. These included improper comments during the State's opening, excessive sentence on the carjacking conviction, violation of the Confrontation clause, and violation of defendant's due process rights. The judge noted the Appellate Division considered and rejected these arguments, except for the challenged comments by the prosecutor during his opening, which the panel found were improper but incapable of producing an unjust result under Rule 2:10-2.

Finally, the judge addressed defendant's claim that the sentence imposed was excessive. The judge found the claim of excessive sentence is not an appropriate ground for PCR and can only be raised on direct appeal, citing State v. Acevedo, 205 N.J. 40, 45-46 (2011) and State v. Flores, 228 N.J. Super. 586, 591-92 (App. Div. 1988). The judge further found an excessive sentence argument was raised by appellate counsel and denied by the appellate panel on direct appeal, constituting a prior adjudication on the merits barring reassertion of the same ground as a basis for PCR, citing Rule 3:22-5 and State v. Preciose, 129 N.J. 451, 476 (1992).

This appeal followed. Defendant argues:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO ADEQUATELY DISCUSS AND PROVIDE TO THE DEFENDANT ALL RELEVANT DISCOVERY, AS A RESULT OF WHICH HE REJECTED THE STATE'S PLEA RECOMMENATION AND INSTEAD PROCEEDED TO TRIAL, SUBSEQUENTLY RECEIVING A SENTENCE SIGNIFICANTLY GREATER THAN THAT EMBODIED IN THE PLEA OFFER.

A-0099-17T4

II.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determinations de novo.  State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted).  A PCR petitioner carries the burden to establish the grounds for relief by a preponderance of the credible evidence.  State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted).  To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision."  State v. Mitchell, 126 N.J. 565, 579 (1992).

In his PCR petition and this appeal, defendant primarily contends that his former counsel was constitutionally ineffective.  There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland v. Washington, 466 U.S. 668, 690 (1984).  To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense.  Strickland, 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

A-0099-17T4

The performance of counsel is "deficient" if it falls "below an objective standard of reasonableness" measured by "prevailing professional norms." Strickland, 466 U.S. at 687-88. This standard of "reasonable competence," Fritz, 105 N.J. at 60, "does not require the best of attorneys," State v. Davis, 116 N.J. 341, 351 (1989).

In order to show counsel's deficient performance prejudiced the defense, defendant must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. Rather, defendant bears the burden of showing "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the two-prong test set forth in Strickland. Preciose, 129 N.J. at 463.

A-0099-17T4

### III.

After carefully reviewing the record, we affirm the denial of defendant's petition substantially for the reasons stated by Judge Steven J. Polansky in his comprehensive and well-reasoned opinion of July 25, 2017. We agree with Judge Polansky that defendant did not establish a prima facie case of ineffective assistance of counsel by failing to meet either prong of the Strickland test. We add the following comments.

Defendant raises and briefs a single issue on appeal. An issue not briefed on appeal is deemed waived. Dep't Environ. Prot. v. Alloway Tp., 438 N.J. Super. 501, 506 n.2 (App. Div. 2015); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019). We deem the numerous other issues raised by defendant before the PCR court to be waived.

Defendant mistakenly believes the ordinary sentencing range for carjacking is a term of imprisonment between ten and twenty years. Not so. The ordinary term of imprisonment for carjacking is between ten and thirty years. N.J.S.A. 2C:15-2(b). Accordingly, defendant's sentence to a twenty-year NERA term was midrange, and only slightly longer than the eighteen-year NERA term discussed during the unsuccessful final plea negotiations.

A-0099-17T4

Defendant's claim that the State offered an aggregate ten-year NERA term is unsubstantiated.

We concur with the conclusions of the trial judge and the appellate panel that the evidence against defendant was overwhelming. Considering the unquestionable strength of the State's case, defendant has not demonstrated, but for the alleged deficiencies by trial counsel or appellate counsel, there is a reasonable possibility the result of the proceeding would have been different. Put simply, defendant's claims of ineffective assistance of counsel lack merit.

PCR petitioners are not automatically entitled to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10 recognizes judicial discretion to conduct evidentiary hearings. Preciose, 129 N.J. at 462.

We review the PCR court's determination to proceed without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). We find no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing. Judge Polansky

A-0099-17T4

correctly concluded defendant did not establish a prima facie case of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION